IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT PENNSYLVANIA
Philadelphia Division

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY, | : |
| Plaintiff, | : |
| | : Case No. 2:26-cv-6 |
| v. | : |
| MICHAEL MCNEAL<br>SERVE:    1340 Carrick Ct.<br>              Middletown, DE 19709<br>And<br>SHANITA JANELL BACON<br>SERVE:    242 E Phil Ellena St<br>              Philadadelphia, PA 19119 | : |
| Defendants. | : |

## COMPLAINT IN STATUTORY INTERPLEADER

Plaintiff, State Farm Life Insurance Company ("State Farm"), by counsel, for its Complaint in Interpleader against Michael McNeal and Shanita Janell Bacon states as follows:

## INTRODUCTION

State Farm brings this Complaint in Interpleader action pursuant to Rule 22 of the Federal Rules of Civil Procedure and pursuant to 28 U.S.C. §1335 to resolve inconsistent claims to the proceeds of a certain Life Insurance Policy issued by State Farm to Imani McNeal.

## PARTIES

1. State Farm is a foreign corporation incorporated under the laws of the State of Illinois with its principal place of business at One State Farm Plaza, Bloomington, Illinois 61710, and therefore a citizen of Illinois. State Farm is authorized to transact business in the

1

Commonwealth of Pennsylvania and State of Delaware.

2. At all pertinent times, State Farm's insured was a citizen of the State of Delaware or Pennsylvania.

3. Michael McNeal is the former husband of the insured and had been named as the sole and primary beneficiary of the policy. Michael McNeal is a resident and citizen of the Commonwealth of Delaware.

4. Shanita Janell Bacon is a parent of the insured and was designated a successor beneficiary of the policy. Shanita Bacon is a resident and citizen of Pennsylvania.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1335(a) and 28 U.S.C. §1332(a).

6. The matter in controversy as alleged herein exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §1391 and 28 U.S.C. §1397. A substantial portion of the events giving rise to the claims asserted herein occurred in this judicial district, and at least one Defendant resides in this judicial district.

## FACTS

8. Pursuant to an application dated February 20, 2025 State Farm issued a Policy of Life Insurance to Imani McNeal as the insured. A true and correct copy of the application is attached hereto as Exhibit "A".

9. The policy was issued March 6, 2025 and was effective March 6, 2025. A true and correct specimen copy of the policy, Policy No. LF-4499-7433 (the "policy") is attached hereto as

Exhibit "B".

10. At the time of the application, Imani McNeal listed Michael McNeal, her former spouse, as the primary beneficiary of the policy. See Exhibit "A".

11. Michael McNeal submitted a claim form indicating Imani McNeal's cause of death as a "homicide" and identified himself as "husband" when asked about his relationship to the deceased. A true and correct copy of the claim document submitted by Michael McNeal to State Farm is attached as Exhibit "C".

12. Documentary evidence supports that the insured and Michael McNeal were divorced November 22, 2024 in Delaware, prior to Michael McNeal's submission of the claim form. A true and correct copy of the November 22, 2024 Letter Decision and Order is attached hereto as Exhibit "D".

13. Notwithstanding that fact, Michael McNeal was listed as "spouse" on the policy application. See Exhibit "A".

14. Imani McNeal died on April 18, 2025 from multiple gunshot wounds. A true and correct copy of the death certificate is attached hereto as Exhibit "E".

15. Upon information and belief, according to Detective Matthew Farley of the Philadelphia Police Department, Michael McNeal is a possible suspect in the death of insured.

16. By document signed July 24, 2025, Shanita Bacon also asserted a claim for the death benefit under the policy. A true and correct copy of the claim document submitted by Shanita Bacon to State Farm is attached as Exhibit "F".

17. Under either Pennsylvania or Delaware law, a slayer, as beneficiary of a life insurance policy, is not entitled to the proceeds of the policy. Compare 20 Pa. Cons. Stat. Ann. §

8811 with 12 Del. C. § 2322.

19. Under the circumstances of there being two claimants, State Farm cannot determine, factually or legally, who is entitled to the death benefit of the policy. Because of the actual or potential claims of the interpleading defendants, State Farm is or may be exposed to multiple liability claims.

19. The current amount of the death benefits is $1,500,000 plus interest from the date of Imani McNeal's death.

## CLAIM FOR RELIEF

20. State Farm incorporates Paragraphs 1-16 as if fully set forth herein.

21. State Farm is ready, willing and able to pay the remaining death benefit in accordance with the terms of the policy to whomever the Court shall designate.

22. As a disinterested stakeholder, State Farm has no interest (except to recover its attorney's fees and costs incurred in bringing this action) in the death benefit payable and respectfully requests that this Court determine to whom said death benefit should be paid.

23. State Farm will deposit the proceeds due under the life insurance policy along with interest with the clerk of this Court. As of January 2, 2026, the total death benefit amount is approximately $1,536,543.33, inclusive of interest to through this date.

24. State Farm has not brought this Complaint in Interpleader at the request of any of the defendants. There is no fraud or collusion between State Farm and any of the defendants. State Farm brings this Complaint in Interpleader to avoid being subjected to conflicting and multiple claims.

25. Pursuant to 28 U.S.C. §1335(a), State Farm seeks an Order from this Court to allow

it to deposit the policy death benefit of $1,500,000.00 plus interest accrued to the date of deposit into the registry of this Court, to abide the judgment of the Court.

WHEREFORE, State Farm prays that the Court enter judgment:

(a) requiring the defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the death benefit;

(b) enjoining the defendants from instituting or prosecuting any proceeding against State Farm in any State or United States Court affecting or relating to the death benefit;

(c) requiring the defendants to settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the death benefit should be paid;

(d) authorizing State Farm to pay into the Court the death benefits of $1,500,003.25 under State Farm Life Insurance Policy LF-4499-7433, plus interest through the date tendered ($36,540.08), for distribution to whichever party this Honorable Court determines to be the rightful beneficiary or otherwise, or as further ordered by this Honorable Court.

(e) dismissing State Farm from this action, with prejudice, and forever discharging State Farm from any and all further liability to defendants relating in any way to the death benefit or the policy; and

(f) awarding State Farm such other and further relief as the Court deems just and appropriate.

                                           **BENNETT BRICKLIN & SALTZBURG LLC**

By:       _____
            Michael Dolich
            6000 Sagemore Drive, Suite 6103
            Marlton, NJ 08053
            (856) 673-3462
            Email: dolich@bbs-law.com

            *Counsel for Plaintiff*

Date: January 2, 2026